IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAPPARAL ENERGY, L.L.C., an Oklahoma limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-09-959-D |
| WUXI SEAMLESS OIL PIPE CO., LTD., a Chinese company; SB INTERNATIONAL, INC., a Texas corporation; XXTREME PIPE STORAGE, L.L.C., a Texas limited liability company; and SIM-TEX, L.P., a Texas limited partnership, | ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**O R D E R**

The Court has reviewed the Complaint and has found insufficient allegations to establish the existence of federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).[1] Specifically, Plaintiff's pleading fails to allege facts regarding its citizenship and the citizenship of defendants that are alleged to be a limited liability company and a limited partnership.

The citizenship of a limited partnership is the citizenship of all partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Similarly, although the Tenth Circuit has not spoken on the issue, every federal appellate court to consider the citizenship of a limited liability company has concluded that such entities should not be treated like corporations under 28 U.S.C. § 1332(c)(1). The Ninth Circuit recently summarized the law in this area as follows:

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

> LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir.2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir.2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir.2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir.2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998). This treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations. *Carden*, 494 U.S. at 189, 110 S. Ct. 1015 (treating a limited partnership as having the citizenship of all its members); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456-57, 20 S. Ct. 690, 44 L.Ed. 842 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir.2002). We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint contains no allegation concerning the citizenship of the members or partners of the parties that are identified as limited liability companies and a limited partnership. Thus, the Complaint states no factual basis for the allegation of complete diversity of citizenship.

IT IS THEREFORE ORDERED that Plaintiff shall file an amended pleading to allege the existence of diversity jurisdiction not later than September 15, 2009.

IT IS SO ORDERED this ___2nd___ day of September, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE